# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERTA G. JOHNSON, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMUNITYCARE MANAGED )<br>HEALTHCARE PLANS OF OKLAHOMA, )<br>INC., an Oklahoma corporation, )<br>)<br>Defendant. ) | No. 02-CV-936 CVE/SAJ |

## REPORT AND RECOMMENDATION

Comes on for report and recommendation Defendant Communitycare Managed Healthcare Plans of Oklahoma's Motion for Attorneys' Fees [Dkt. #185] and Plaintiff's Motion to Review of Taxation of Costs [Dkt. # 204], referred for disposition pursuant to 28 U.S.C. §636 and Fed.R.Civ.P.72. The Court, having considered the argument and authority submitted, enters the following Report and Recommendation.

### I. ATTORNEY FEES

Defendant seeks attorneys' fees as prevailing party pursuant to 42 U.S.C. 1988(b), §2000e-5(k), Fed.R.Civ.P. 54(d) and N.D. LR 54.2[1] following entry of Judgment in its favor on January 28, 2005.

Defendant has complied with the procedural requirements of Fed.R.Civ.P. 54(d) and N.D. LR 54.2., conceding it is not entitled to attorneys' fees as an element of

---

[1] This rule was replaced effective March 2, 2005 by LCvR 54.2.

1

damages.

### A. Attorneys' Fees for Burke Tort Motion to Dismiss

Defendant states it is entitled to attorneys' fees for having to defend Plaintiff's pursuit of a state tort claim brought pursuant to *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). Defendant urges the claim could not be maintained under Oklahoma law because there already exists an adequate statutory remedy to protect the policy alleged as the basis for the claim. Ultimately, Judge Eagan agreed and entered a six page order analyzing the arguments presented by Plaintiff in support of an extension or reversal of existing law. Judge Eagan did not find the arguments frivolous and there is nothing in the order to indicate Judge Eagan found the Plaintiff had acted in bad faith, vexatiously, wantonly, or for oppressive reasons pursuant to *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Further, given the continually evolving state of the law in discrimination cases, counsel for plaintiffs should not risk sanctions in the form of attorneys' fees for promoting extensions or distinctions in existing law.

The claim was dismissed on February 26, 2003, only two months after the action was filed and one day after the Court held its scheduling conference. Minimal time was spent on the motion to dismiss as it did not necessitate discovery but was presented solely on the legal issue. Under these circumstances, this Court cannot conclude the inherent powers of the Court should be invoked to award Defendant attorneys' fees.

### B. 42 U.S.C. 1988(b), 42 U.S.C. § 2000e-5(k) Attorney Fees

Defendant next asserts it is entitled to attorneys' fees for defense of Plaintiff's

unsuccessful Title VII sexual harassment claim pursuant to 42 U.S.C. 1988(b) and 42 U.S.C. § 2000e-5(k).

With Title VII of the Civil Rights Act of 1964, Congress authorized parties who are aggrieved by an unlawful employment practice, as defined in 42 U.S.C. §§ 2000e-2 and 2000e-3, to bring federal civil actions against those parties responsible for the unlawful employment practice. *See* 42 U.S.C. § 2000e-5(f)(1). Congress also provided for the recovery of attorney's fees as follows:

> In any action or proceeding under [Title VII] the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs.

42 U.S.C. § 2000e-5(k).[2]

This statute authorizes the award of attorney's fees to both prevailing plaintiffs and prevailing defendants, and entrusts the effectuation of the underlying statutory policy to the discretion of the courts. Exercising this discretion and balancing the equities in order to promote the underlying policies of the nation's civil rights laws, the Supreme Court has developed two distinct standards for prevailing civil rights plaintiffs and prevailing civil rights defendants. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-18 (1978).

A prevailing civil rights plaintiff will ordinarily recover attorney's fees unless special circumstances would render such an award unjust. Because the policy considerations are different, however, prevailing defendants are held to a more rigorous standard. In *Christiansburg*, the Supreme Court held that a district court may, in its discretion, award attorney's fees to a prevailing defendant in a civil rights case upon a finding that the

---

[2] Defendant correctly urges the two statutes must be read in tandem when assessing an award of fees to a prevailing party.

plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. "[N]eedless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging plaintiff with the attorney's fees incurred by the defense." *Id.* at 422. The Supreme Court found that this double standard strikes the appropriate balance between the dual policies of the Civil Rights Attorney's Fees Awards Act of 1976 which are to discourage the litigation of frivolous, unreasonable, groundless, or vexatious claims without discouraging the rigorous enforcement by private parties of the nation's civil rights laws.

Judge Eagan dismissed Plaintiff's Title VII claim by a lengthy (20 pages) and well reasoned Order granting summary judgment on October 21, 2004, noting the five enumerated instances of alleged harassment "do not seem severe, and they are certainly not pervasive." Judge Eagan found that even if there were a genuine issue of material fact, Defendant was entitled to summary judgment based upon having established the elements of the *Faragher-Ellerth* defense.

This Court has reviewed the record and cannot find, even under Defendant's interpretation of Judge Eagan's Order, that Plaintiff's claims were frivolous, unreasonable or groundless to merit an award of attorneys' fees against her under the standards established by *Christiansburg.* This Court therefore recommends attorneys' fees be denied.

## II. COSTS

Plaintiff seeks review of the Court Clerk's award of $6,474.28 of the $8,613.48 in costs sought by Defendant. Plaintiff asserted objections before the Court Clerk which are reurged in this request for review. Plaintiff urges equitable considerations make an award of costs unjust; Defendant's litigation misconduct should negate any cost award; and that

4

costs, if awarded, should not exceed $1,009.81 and even that amount should be reduced on equitable grounds.

Rule 54(d)(1) provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs....

Fed.R.Civ.P. 54(d).

In this case, costs are governed by 28 U.S.C. §1920 which provides that a judge or court clerk may tax as costs certain expenses incurred in litigation, such as costs of depositions, copying fees, court transcripts and witness fees. *Pehr v. Rubbermaid, Inc.*, 196 F.R.D. 404, 407 (D.Kan. 2000).[3] Costs proposed by the prevailing party "should always be given careful scrutiny." *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other ground as recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996).

"The allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court." *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). Items proposed by the prevailing party as costs "should always be given careful scrutiny." *Callicrate*, 139 F.3d at 1340 (quoting *Farmer v. Arabian*

---

[3] The costs recoverable under Rule 54 are narrowly circumscribed by those set forth in 28 U.S.C. §1290, which provides that –
  A judge or clerk of any court of the United States may tax as costs the following:
  (1) Fees of the clerk and marshal;
  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title;
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

5

*American Oil Co.*, 379 U.S. 227, 235 (1964)). However, if the prevailing party makes a showing that the requested costs fall within those allowed under §1920, a presumption arises in favor of their award and the burden shifts to the nonprevailing party to overcome that presumption. *Cantrell v. Int'l Board of Elec.Workers, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995).

It is the prevailing party's responsibility to present a sufficient record for the Court to be able to make a determination as to the necessity and reasonableness of the costs sought. Should the Court exercise its discretion in denying costs to a prevailing party, it must provide a valid reason. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). This Court reviews the award of costs *de novo,* addressing all issues raised under these standards.

### A. Equitable Considerations

Plaintiff urges she is indigent, submitting in support a financial declaration showing she had a net income in 2004 of only $16,303.79 and monthly expenses exceeding that amount. The Tenth Circuit has recognized valid bases for denying costs as including cases in which prevailing parties were obstructive and acted in bad faith, the prevailing party was only partially successful, damages were only nominal, costs were unreasonably high or unnecessary, recovery was insignificant, the issues were close or difficult, or the nonprevailing party was indigent. *Zeran*, 203 F.3d at 722; *Cantrell*, 69 F.3d at 459.

There is no question that Defendant is the prevailing party in this case and Plaintiff does not contest this. Rather, Plaintiff objects that costs should not be

awarded because she is indigent. A nonprevailing party's indigence may be taken into account in the court's exercise of its discretion under Rule 54(d). *Rodriguez*, 360 F.3d at 1190 (although finding that plaintiffs had not met their burden to establish why defendants should be penalized and costs denied); *Cantrell*, 69 F.3d at 459 (listing nonprevailing party's indigence as a possible grounds for denial of costs); *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 463-64 (3rd Cir. 2000)(remanding for the district court's consideration of plaintiff's evidence of indigence); *Chapman v. AI Transport*, 229 F.3d 1012, 1039-40 (11th Cir. 2000)(court has discretion to consider nonprevailing party's inability to pay costs); *McGill v. Faulker*, 18 F.3d 456, 459 (7th Cir. 1994)(same). The rationale for the court's consideration of the losing party's indigence under Rule 54(d) is presented in *In re Paoli*:

> Several courts of appeals have held that indigency, or modest means, is a factor that a district court may consider in awarding costs. *See, e.g., Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir.1999) (evaluating whether a non-indigent losing plaintiff had the "effective ability to satisfy [the defendant's] bill of costs" or was "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1) against her"); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir.1997) ("[T]he losing party's inability to pay will suffice to justify denying costs.") Other courts that have adopted this approach also caution that a losing party's indigency or an inability to pay costs does not automatically mean that a costs award levied against that party is inequitable. *See, e.g., Weaver v. Toombs,* 948 F.2d 1004, 1008 (6th Cir.1991) (holding that indigency *may* be a shield to imposition of costs, but that it is not an absolute shield). This case-by-case approach to the "indigency" factor has also been expressly or implicitly endorsed by noted commentators on the subject . . . .
> Policy considerations underpinning the American costs rule support the consideration of the "indigency or inability to pay" factor. As Professors Wright, Miller, and Kane have observed, Rule 54(d)(1) is "founded on the egalitarian concept of providing relatively easy access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to the commencement of a lawsuit or the assertion of a defense that might have some merit. . .."

> . . . Stating our position more precisely, we hold that if a losing party is indigent or unable to pay the full measure of costs, a district court *may,* but need not *automatically,* exempt the losing party from paying costs.
> Such an approach is somewhat at odds with the traditional rule at law that the prevailing party was automatically entitled to its costs, but it is consistent with the rule at equity that the district court exercise its discretion to insure that the award be equitable. . . . Allowing for the indigency factor in certain cases is also in keeping with the American tradition of not providing total reimbursement. . . . As was noted above, . . . the types of costs recoverable under Rule 54(d)(1) are quite circumscribed. These costs "do not include such litigation expenses as attorney's fees and expert witness fees in excess of the standard daily witness fee," . . . and as a result, while a prevailing party is awarded its Rule 54(d)(1) costs, those costs often fall well short of the party's actual litigation expenses . . . .

*In re Paoli*, 221 F.3d at 463-64 (citations omitted).

The Court agrees with the Third Circuit's rationale for considering a party's indigence in the determination of costs under Rule 54. Plaintiff urges that this, combined with Defendant's litigation tactics, merits denial of an award of costs. Plaintiff states she brought this action in good faith, that her limited resources did not allow her to conduct the extensive discovery which could have caused a result in her favor and that awarding costs against her would have a chilling effect on future plaintiffs' decisions to pursue such claims to enforce important civil rights.

The Court finds Plaintiff has failed to establish that she is indigent. Her financial declaration lists $3,000.00 of "extra" income which is unexplained. It also lists $200.00 a month in expenses that are not permanent. These include payment for past due child support and payments to two lawyers. The fact that it may be some time before she is able to pay the judgment for court costs does not entitle her to avoid these altogether. As a self employed person, she has at least some capacity to control the amount of income she produces. Further, Plaintiff has a Bachelor of Science degree

in computer programming, a position generally more lucrative than her current occupation as a nail technician based upon her past income.

Plaintiff's next argument is that she should be relieved from paying costs because of Defendant's conduct during the litigation. This was an acrimonious lawsuit. The parties appeared before the undersigned on several discovery disputes. There were allegations that Defendant withheld information regarding its defense of after acquired evidence. The evidence was allowed. However, it should have been produced much earlier. The Court cannot speculate whether its production, or the inadvertent production of privileged documents by Defendant early in the case, would have allowed Plaintiff to more realistically view her case for purposes of settlement. What is certain is that these issues, and others, created distrust between counsel which was exacerbated by Defendant counsel's sometimes sarcastic and scornful comments, which unnecessarily added to the negative tone of this litigation.[4] The Court recognizes that this type of litigation tends to become very personal. However, the Court does not conclude that Defendant's actions excuse Plaintiff from an award of all costs.

### B.  Substantive Arguments

Plaintiff urges Defendant has failed to properly document or justify costs which were awarded by the Court Clerk.

---

[4] At page 1 of Defendant's reply brief, Defendant references Plaintiff's arguments as "tired and meritless." At page 2, Defendant states Plaintiff "repeatedly lied on the witness stand, and was repeatedly caught doing so." At page 6, Defendant states one of Plaintiff's arguments is "a loser at the time she first asserted it and remains so today." In response to Plaintiff's statement that she brought the action in good faith, at page 4, Defendant simply responds "Hardly."

1. Deposition Transcripts

Defendant sought $3,370.87 for fees of the court reporter for all or any part of eight deposition transcripts necessarily obtained for use in the case. The Court Clerk awarded $2,960.87. Plaintiff does not dispute entitlement to reimbursement in principle, but objects to an award which includes reimbursement for multiple copies of deposition transcripts, indexes and to e-transcripts which are obtained for the convenience of counsel. Plaintiff objects to the award of costs for three deposition invoices dated March 26, 2003, April 22, 2003 (for transcripts of two days of Plaintiff's testimony) and for Bob McCracken (dated May 10, 2004), each showing condensed copies, indexes and e-transcripts were provided without breakdown of the charges so the Court could segregate them. Defendant is entitled to recover the cost of only one original transcript. The Court agrees with Plaintiff that Defendant's failure to segregate the costs for each of the services provided merits denial of these costs in their entirety. The Court is not required to speculate as to the breakdown of non allowable costs versus allowable costs where movant does not meet its burden of proof.

In regard to the depositions of the five (5) witnesses, the costs which were represented only by checks from Defendant counsel's law firm are not recoverable. The purpose of supplying adequate records is, in part, to allow the opposing party to cross examine the costs and perhaps agree to them prior to hearing. This purpose is circumvented if testimony at the cost hearing before the Court Clerk is allowed to supplement the record to which opposing counsel has no ability to meaningfully respond.

The deposition transcripts for Plaintiff and Bob McCracken should be reduced

to the amount paid by Plaintiff for these transcripts, $824.80. The Court declines to reduce this amount further under Plaintiff's equitable theories.

### 2. In-House and Subpoena Copying Costs

Plaintiff also objects to the award of $3,000.00 of the $3,883.25 requested in copying costs awarded under §1920(4) which provides for the taxation of"[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. §1920(4). Defendant has not delineated any number of copies as having been filed with the Court nor provided the number of pages of court filings the invoices cover, which would be a relatively simple exercise.  In order to enable the Court to make a proper determination of the necessity of those costs under §1920(4), more is required. The Court concludes the only item recoverable for copying is the $17.00 for documents subpoenaed from Kohl's for which a check request is attached which states it is for copying costs in regard to a subpoena.  While a similar charge is listed for documents obtained from the Oklahoma Employment Security Commission, no supporting documents are submitted.  The Court takes judicial notice that third party subpoenas are often accompanied by a bill for the cost of any copies produced in response to the subpoena. The check request is sufficient to allow this cost to be recovered where there is no objection raised by Plaintiff to it.

The record reflects the Clerk reduced the amount awarded based upon Defendant's inability to delineate how the copies were used. This amounts to impermissible speculation. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1475 (10th Cir. 1997), *Manildra Milling Corp. v. Ogelvie Mills*, 878 F. Supp. 1417 (D. Kan.1995). The Court recommends that Defendant's request for copying costs be denied as

Defendant has failed to establish that any of the copies were "necessarily obtained for use in the case" except as to the $17.00 check request to Kohl's.

### 3. Fees for Out of Office Printing/Copying

Plaintiff next objects to fees and disbursements for printing and witnesses. Plaintiff argues these items should be disallowed in their entirety. Defendant sought $1,269.36 for disbursements for printing and $90.00 for witness fees. The Court Clerk awarded $423.41 for printing and $90.00 for witness fees.

It is clear from the invoices presented that multiple copies were printed even though it would be a proper item of cost only for one original to be provided to the Court. The Court notes there is an invoice from Ikon related to motion for summary judgment dated May 2004, and also an in house copy expense submitted in connection with the motion for summary judgment the same month. The Court finds the copy to be filed with the Court would be the only recoverable expense had it been properly documented. The same corresponding charges for copying and printing appear for 7/6/04 and for 10/12/04 (invoice from RLS and in house charge of 10/2004). The Court can only surmise the original was delivered for out of office printing of additional copies. Additional out of office printing would not be recoverable as "necessarily obtained for use in the case."

The Court finds sufficient documentation was presented to allow $75.19 for one copy of Defendant's trial exhibits and $15.20 for copies of classified ads obtained from the Tulsa City-County Library. Plaintiff concedes Defendant is entitled to $27.62 for one copy of the summary judgment motion.

### 4. Witness Fees

The Court further finds the witness fee paid to Bob McCracken in the amount of $50.00 is a recoverable item of costs. The witness fee of $40.00 for Cingular Wireless should be disallowed as this was paid in connection with a subpoena duces tecum and no witness ever testified on behalf of Cingular.

## III. RECOMMENDATION

The Court recommends that the Defendant Communitycare Managed Healthcare Plans of Oklahoma's Motion for Attorneys' Fees [Dkt. #185] be denied as set forth herein. The Court further recommends that Plaintiff's Motion to Review of Taxation of Costs [Dkt. # 204] be granted in part and denied in part as set forth herein. Accordingly, the Court recommends costs be awarded against Plaintiff in the amount of $1,009.81.

## IV. OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

IT IS SO ORDERED THIS 21st DAY OF JUNE, 2005.

Sam A. Joyner
United States Magistrate Judge