UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALBERTA G. JOHNSON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-CV-0936-CVE-SAJ |
| | ) | |
| COMMUNITYCARE MANAGED | ) | |
| HEALTHCARE PLANS OF OKLAHOMA, | ) | |
| INC., an Oklahoma corporation, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation (Dkt. # 210) of the

United States Magistrate Judge with respect to Defendant CommunityCare Managed Healthcare

Plans of Oklahoma, Inc.'s Motion for Attorneys' Fees (Dkt. # 185) and plaintiff's Motion to Review

Taxation of Costs (Dkt. # 204). Magistrate Judge Sam A. Joyner recommended that the Court deny

defendant's motion for attorneys' fees (Dkt. # 185) and grant in part and deny in part plaintiff's

motion for review of taxation of costs (Dkt. # 204). Defendant filed a timely objection pursuant to

28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Accordingly, the Court has conducted a de novo

review.

I.

Following an entry of judgment on a jury verdict in its favor as to all remaining claims on

January 28, 2005, defendant sought attorneys' fees (Dkt. # 185) as prevailing party pursuant to 42

U.S.C. § 1988(b), § 2000e-5(k), Fed. R. Civ. P. 54(d), and N.D. LR 54.2.[1] Prior to trial, plaintiff's

claim for public policy tort under Oklahoma law was dismissed for failure to state a claim upon

---

[1]        This rule was replaced by LCvR 54.2 effective March 2, 2005.

which relief may be granted.  <u>See</u> Order of February 26, 2003 (Dkt. # 15).  The Court also granted summary judgment in favor of defendant on plaintiff's Title VII claim for sexual harassment and hostile work environment.  <u>See</u> Order of October 25, 2004 (Dkt. # 114).

## A.

Although the "American Rule" prohibits fee-shifting in most cases, the Supreme Court has clarified that a court may assess attorneys' fees against a party when that party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991).  In this case, the magistrate judge recommended that the Court deny defendant's motion for attorneys' fees because, although this Court ultimately found that plaintiff's state tort claim brought pursuant to <u>Burk v. K-Mart Corp.</u>, 770 P.2d 24 (Okla. 1989), could not be maintained under Oklahoma law because Title VII provides an adequate statutory remedy to protect the policy underlying the claim, he found no evidence that the Court had found the arguments frivolous, or to have been brought in bad faith, vexatiously, wantonly, or for oppressive reasons.

Defendant argues that the Court should invoke its inherent powers to sanction bad conduct through the imposition of attorneys' fees in order to achieve "an orderly and expeditious disposition of litigation."  However, upon careful review of the order on defendant's motion to dismiss, and of the underlying record up to and including the trial, the Court finds no conduct on the part of plaintiff sufficient to rise to the standard set out in <u>Chambers</u>.   Further, as the magistrate judge noted, because the law underlying discrimination cases continues to evolve, counsel for plaintiffs should not be placed in the position of having to risk sanctions for attempting to extend that law or for pointing out distinctions therein.

**B.**

With regard to civil rights claims, the Supreme Court has held that a district court, in its discretion, may award attorneys' fees to a prevailing defendant upon a finding that plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).  In this case, the magistrate judge noted that, although this Court ultimately found that the five enumerated instances of alleged harassment were likely insufficiently severe or pervasive to meet the required standard, and that either way, defendant was entitled to summary judgment by way of the Faragher-Ellerth defense,[2] the Court never intimated in its order that plaintiff's claims were frivolous or sufficiently unreasonable to merit an award of attorneys' fees under Christiansburg.

Defendant alleges that plaintiff attempted, at trial, purposefully to mislead both the jury and the Court, characterizing her behavior as "beyond unreasonable."  Upon careful review of the summary judgment order and the underlying record up to and including the trial, the Court finds no conduct on plaintiff's part justifying such a characterization or rising to a level sufficient for the award of attorneys' fees under Christiansburg.

**C.**

The Court cannot find sufficient cause for rejecting or modifying the magistrate judge's careful and thorough analysis, or his recommended decision.  Accordingly, the Court finds that the Report and Recommendation (Dkt. # 210) is **accepted** as to defendant's motion for attorneys' fees (Dkt. # 185), which should be and is hereby **denied**.

---

[2]     The Supreme Court first outlined this affirmative defense applicable to sexual harassment hostile work environment claims in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

3

## II.

On February 10, 2005, CommunityCare filed a Bill of Costs for $8,613.48. A bill of costs hearing took place on March 17, 2005, after which the Clerk of the Court entered an order taxing costs against plaintiff in the amount of $6,474.28. Plaintiff seeks a review of this award, urging that equitable considerations make an award of costs unjust, that defendant's litigation misconduct should negate any cost award, and that costs, if awarded, should not exceed $ 1,009.81.

Fed. R. Civ. P. 54(d)(1) provides that "except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." In this case, costs allowable to the prevailing party are limited by 28 U.S.C. § 1920, which provides that a judge or court clerk may tax as costs certain expenses incurred in litigation such as: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

The burden is on the prevailing party to present a sufficient record for the Court to make a determination as to the necessity and reasonableness of costs sought pursuant to section 1920, but once it has done so, a presumption arises in favor of the prevailing party and the burden shifts to the nonprevailing party to overcome that presumption. Cantrell v. Int'l Bd. of Elec. Workers, Local 2021, 69 F.3d 456, 458-59 (10th Cir. 1995). Costs proposed by the prevailing party "should always

4

be given careful scrutiny." <u>Farmer v. Arabian American Oil Co.</u>, 379 U.S. 227, 235 (1964); <u>U.S. Industries, Inc. v. Touche Ross & Co.</u>, 854 F.2d 1223, 1245 (10th Cir. 1988).  Further, the allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court." <u>Zeran v. Diamond Broadcasting, Inc.</u>, 203 F.3d 714, 722 (10th Cir. 2000).  However, the court must provide a valid reason for exercising its discretion to deny costs to a prevailing party.  <u>Rodriguez v. Whiting Farms, Inc.</u>, 360 F.3d 1180, 1190 (10th Cir. 2004).

## A.

On the issue of equitable considerations, the magistrate judge found that, although a non-prevailing party's indigence may be taken into account in the award of costs under Rule 54(d), plaintiff failed to established that she was indigent in the first place.  Neither party contested this finding.  The Court has also independently reviewed the record on this issue and sees no reason to modify or reject the finding and recommendation of the magistrate judge.

## B.

As to defendant's litigation conduct, the magistrate judge found that, although defendant's counsel was at times sarcastic and scornful, the entire suit was acrimonious and none of defendant's conduct rose to a level that would excuse plaintiff from paying any costs.  Neither party contested this finding, and this Court's independent review of the issue did not reveal any reason to modify or reject the finding and recommendation of the magistrate judge.

## C.

Plaintiff finally challenges certain costs awarded by the Court Clerk on the ground that defendant failed properly to document or justify them.  Defendant has submitted supplemental evidence with regard to some of these claims, both to the magistrate judge in connection with its

response to plaintiff's motion to review taxation of costs, and to the undersigned, accompanying its objection to the report and recommendation of the magistrate judge.  As a preliminary matter, the Court finds that submission of this evidence was improper, and that it will not be considered in the Court's review of the costs award.

Local court rules in effect at the time the bill of costs was filed[3] in this case required a prevailing party seeking to recover costs to "file a bill of costs on the form available from the clerk of the court, a brief in support, and a verification of the bill of costs, pursuant to 28 U.S.C. § 1924. The brief shall (1) clearly and concisely itemize and describe the costs, (2) set forth the statutory basis for seeking those costs under 28 U.S.C. § 1920, and (3) reference and include copies of applicable invoices, receipts and disbursement instruments."  N.D. LR 54.1(A).  The rules further specified that a party objecting to any item in a bill of costs should set forth those objections "with any supporting affidavits and documentation" to be filed with the court and served on all adverse parties within fifteen days after the bill of costs was filed.  N.D. LR 54.1(B).  Finally, the local rules provided, pursuant to Fed. R. Civ. P. 54(d), that a bill of costs award by the Court Clerk may be reviewed by the Court upon a motion served within five days after the taxation of costs is entered on the docket.  N.D. LR 54.1(E).  The Court's review of the Court Clerk's taxation of costs is de novo.  Farmer v. Arabian Am. Oil. Co., 379 U.S. 227, 232 (1964); Signal Delivery Service, Inc. v Highway Truck Drivers & Helpers Local No. 107, 68 F.R.D. 318, 321 (E.D. Pa. 1978); Frigiquip Corp. v Parker-Hannifin Corp., 75 F.R.D. 605, 613 (W.D. Okla. 1977).  Because neither the local nor the federal rules provide for submission of any additional evidence in connection with this

---

[3]        This local rule was replaced by LCvR54.1 on March 2, 2005.

review, the Court finds that permitting the submission of such evidence would  conflict with the local rules' requirement of timely and proper documentation upon initial filing of the bill costs.

Defendant argues that it should be allowed to submit further evidence pursuant to rule Fed. R. Civ. P. 72(b), which does provide that "the district judge to whom the case is assigned shall make a <u>de novo</u> review determination upon the record, or after additional evidence."  However, the Court finds that reference of this matter to the magistrate judge should not, in and of itself, create new rights, especially not rights which would prejudice the non-prevailing party and contravene the requirements of the local rules.  Therefore, the Court's <u>de novo</u> review of the taxation of costs will be a review of the evidentiary record on costs as it stood before the Court Clerk.

Plaintiff has specifically requested review of the award of fees related to (1) seven deposition transcripts, (2) in-house copying costs and fees for out of office printing and copying, and (3) witness fees.

### 1. Deposition Transcripts (Fees of the Court Reporter)

Defendant sought $3,260.87 for all or any part of seven deposition transcripts necessarily obtained for use in the case.  The Court Clerk awarded $2,960.87.  An award of costs under Fed. R. Civ. P. 54(d)(1) and section 1920 "turns on whether or not the costs are for materials necessarily obtained for use in the case." <u>Allison v. Bank One-Denver</u>, 289 F.3d 1223, 1248 (10th Cir. 2002).

It is the policy of the Court Clerk in this District to award fees for transcripts of depositions for any witness whose testimony was required for preparation of or response to any motion which affected the disposition of the case, or for any witness called at trial.  The Clerk allows costs for one original and one copy.  Additional copies of deposition transcripts, indexes, and e-transcripts, are for the convenience of counsel and do not meet the standard. <u>Jones v. Unisys Corp.</u>, 54 F.3d 624,

7

633 (10th Cir. 1995) (affirming district court denial of "convenience copies" of depositions, including disk copies); Birch v. Schnuck Markets, Inc., 1998 WL 13336 *4 (D. Kan. 1998) (concordances obtained for convenience of counsel are not taxable); Nugget Distribs. Coop. of Am., Inc. v. Mr. Nugget, Inc., 145 F.R.D. 54, 58 and n.10 (E.D. Pa. 1992) (denying costs of obtaining depositions on ASCII disks because duplicative of cost of obtaining regular transcript and only served purposes of convenience); Warner-Lambert Co. v. Apotex Corp., 2003 WL 21754948, *9 (N.D. Ill. 2003) (deposition transcripts in condensed form, by e-mail or on a computer disk, in additional to the traditional hardcopy version constitute "niceties" which are "purely matters of convenience, not necessity, and these costs are therefore not recoverable").  A court is not required to speculate as to the breakdown of allowable and non-allowable costs.  See Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1209 (10th Cir. 1986) (trial courts are justified in denying compensation where movant's submissions fail to differentiate adequately between the costs attributable to billable and non-billable items).

Defendant requested fees for the deposition transcripts of plaintiff, and witnesses Sally Nelson, Ed Dry, Mike Johnson, Shari Webster, Al Harris, and Bob McCracken.  As to the transcripts for two days of plaintiff's deposition and for the deposition of Bob McCracken, defendant provided invoices for $1,159.20, $883.85, and $386.00 respectively.  Each invoice indicates that it includes charges for the "deposition, condensed, index and etranscript," but the costs for each of those items are not broken out.  The Court Clerk estimated the non-allowable costs for each deposition (condensed, index, and etranscript) to be $100, based on his knowledge of custom and practice among court reporters in this District, and subtracted that amount from each invoice.  The Court finds that, because it is based on the Clerk's knowledge of local custom and practice, this estimate

does not constitute speculation, and that if this estimate varies at all from the actual costs of the non-allowable items, it is higher, and therefore does not prejudice the non-prevailing party. The magistrate judge recommended that costs for these three transcripts should be reduced to the amount paid by plaintiff, $824.80. However, because the Court finds the Clerk's estimates not to be speculative, it hereby affirms the Clerk's awarded amount of $2,129.05 for these transcripts.

As to the depositions of the five other witnesses, the magistrate judge recommended the costs not be allowed because the claims were supported only by checks from defendant's counsel's law firm, an inadequate record for the purposes of allowing the opposing party to determine whether any non-allowable costs have been included. Defendant actually did originally provide an invoice for the deposition of Al Harris ($373.12), which does not indicate inclusion of any non-allowable items. Accordingly, the Court finds that this amount should be awarded in full. In support of the deposition transcript fees for Sally Nelson, Ed Dry, Mike Johnson, and Shari Webster, defendant did initially provide only copies of checks. However, it is the policy of the Court Clerk in this District to accept evidence of disbursement in support of a claim for costs if, upon questioning at the cost hearing, the counsel for the party claiming the costs satisfies the Clerk as to the allowability of all costs represented by the disbursement. The Clerk's award evidences his satisfaction with the representations of counsel in this case, and there is no evidence that any of the claimed costs included non-allowable items. The Court therefore finds the costs claimed for these four deposition transcripts should be allowed in full ($458.70).

For these reasons, the Court hereby **modifies the finding and recommendation of the magistrate judge** as to costs for deposition transcripts, affirming the amount awarded by the Court Clerk of **$2,960.87.**

**2.  Copying Costs (Fees for Copies and Fees and Disbursements for Printing)**

Defendant initially sought $5,152.61 for all copying and printing costs under section 1920. The Court Clerk awarded $3,423.41.[4]  The magistrate judge recommended that, because defendant failed to delineate any number of copies as having been filed with the Court or to provide the number of pages of court filings the invoices it did submit covered, all costs in this category be denied with the exception of $17.00 for documents subpoenaed from Kohl's department store, supported by a check request to which plaintiff did not object.

"Whether materials are necessarily obtained for use in the case is question of fact to be determined by the district court." Callicrate v. Farmland Industries, Inc., 139 F.3d 1336, 1340 (10th Cir. 1998).  "'Necessarily obtained' does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the most direct evidence of necessity is the actual use of materials obtained by counsel or by the court.  However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs."  Id.  The Tenth Circuit has clarified that it is "best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred."  Id.  Nevertheless, the prevailing party is required to demonstrate such reasonable necessity in the first place.

It is the policy of the Court Clerk of this District to allow copying costs for an original and two copies of all otherwise allowable documents, and to allow for additional copies of trial exhibits or other documents distributed in court.  Allowable documents include all papers that help bring

---

[4]      Defendant requested $3,883.25 for copying and $1,269.36 for printing.  The Court Clerk awarded $3,000 for copying and $423.41 for printing.  The Court has grouped the two categories together here to avoid duplication in analysis, because it appears that the award of costs for printing was actually for outside copying costs.

about the disposition of the case, such as papers related to the actual trial (trial notebooks, trial exhibits, motions in limine and proposed jury instructions), a summary judgment motion, or a motion to dismiss which was granted.  Generally, charges related to discovery are not allowed. Charges for in-house copies of papers are allowed at the rate charged to the client, unless that amount exceeds $.15 per page.  Charges for outside copying are allowed on the basis of actual expense, excluding expedited charges.

Counsel for defendant provided an itemized spreadsheet with charges and numbers of pages for in-house copying, as well as invoices for outside printing charges.  However, in many cases, especially with reference to in-house copy charge claims, allowable and non-allowable costs are grouped together in the spreadsheet, making it impossible to calculate the allowable costs.  The Court has conducted an independent review of the invoices and spreadsheet, with reference to the numbers of pages calculated based on the pleadings and other documents filed with the Court, and in accordance with the policies of the Court Clerk.  Accordingly, the Court finds the following charges will be allowed: (1) $7.65 for in-house copies of defendant's motion to dismiss plaintiff's state tort claim, and for defendant's reply to plaintiff's response;[5] (2) $22.50 in-house copying charges for defendant's reply in support of the motion for summary judgment;[6] (3) $110.46 outside copy charges for 4 copies of defendant's motion for summary judgment and exhibits; (4) $90.45 for in-house copying charges for motions in limine, replies, and responses to plaintiff's motions in limine; motion to reconsider, reply and response to plaintiff's motion to reconsider; and pretrial

---

[5]   51 pages (3 x 17) x $.15/page.  The Court allows a total of only 3 copies for this motion because it was fully briefed before Magistrate Judge McCarthy's November 5, 2004 order that plaintiff's attorney Susan Stock be provided with her own copy of every pleading.  The Court arrived at the number 17 by counting the number of pages each of the motion and the reply

[6]   150 pages (3 x 50) x $.15/page.

order, proposed jury instructions and voir dire; (5) $300.76 outside copying charges for 4 copies of

defendant's trial exhibits;[7] (6) $107.82 for demonstrative trial exhibits;[8] and (7) $15.20 in charges

for copies of classified ads obtained from the Tulsa City-County Library. Accordingly, the Court

**modifies the findings and recommendation of the magistrate judge and awards costs for**

**copying charges in the amount of $654.84.[9]**

   **3. Witness Fees**

   As to defendant's requested costs for witness fees, the magistrate judge recommended that

the witness fee paid to Bob McCracken ($50) should be allowed, but that the witness fee for

Cingular Wireless ($40) should be disallowed because it was paid in connection with a subpoena

duces tecum and no witness ever testified.  Neither party contested this recommendation, and this

Court's independent review of the issue did not reveal any reason to modify or reject the finding and

recommendation of the magistrate judge as to witness fees.  **Defendant is awarded witness fees in**

**the amount of $50**.

---

[7]    267 pages (3 x 89 filed before November 5, 2004) in addition to 336 (4 x 84 filed thereafter) and not
       duplicated by outside copying charges, all @ $.15/page.

[8]    Duplicative in-house copying charges for the motion for summary judgment and for trial exhibits will
       not be allowed.

[9]    In its objection to the report and recommendation, defendant reestimated its copying costs  at a total
       of $668.50.  This reestimate, because it was based on newly submitted evidence, was disregarded by
       the Court.  However, the Court's award differs from this amount by only $13.66.

**4. Summary**

To recap, the Court awards defendant the following costs:

| | |
|---|---:|
| Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case | $2,960.87 |
| Fees and disbursement for printing, and fees for exemplification and copies of papers necessarily obtained for use in the case | $654.84 |
| Witness Fees | $50.00 |
| TOTAL | $3,665.71 |

## III.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 210) is **accepted in part and modified in part**: it is **accepted** as to all findings and recommendations with respect to attorneys' fees, all equitable considerations regarding costs, and the cost award for witness fees; it is **modified** as to the cost awards for deposition transcripts and copying.  Accordingly, defendant's motion for attorneys' fees  (Dkt. # 185) is **denied** and plaintiff's motion for review of taxation of costs (Dkt. # 204) is **granted in part and denied in part** as detailed above.

**IT IS FURTHER ORDERED** that costs in the amount of $3,665.71 are taxed in favor of defendant CommunityCare Managed Healthcare Plans of Oklahoma, Inc. and against plaintiff Alberta Johnson.

**Dated** this 26th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT